UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHARON L. KLEIN, Individually and as
Executrix of the Estate of
DANIEL O. KLEIN, Deceased
655 Route 83
South Dayton, New York 14183,
   Plaintiff,

vs.

DEPARTMENT OF VETERANS AFFAIRS
120 Le Brun Road
Buffalo, New York 14215;

CHRISTINE CHANG LIM, M.D.
3454 Hillcrest Avenue
Antioch, California 94531;

VALOR HEALTHCARE, INC.
4714 Gettysburg Road
Mechanicsburg, Pennsylvania 17055;

VALOR HEALTHCARE, INC.
500 West Main Street, 19th Floor
Louisville, Kentucky 40202;

NABIL M. JAMAL, M.D.
166 East Fourth Street
Dunkirk, New York 14048; and

STEPHEN E. SNYDER, P.A.
166 East Fourth Street
Dunkirk, New York 14048;

TRI-COUNTY FAMILY MEDICINE ASSOCIATES, INC.
1 School Street, Suite 107
Gowanda, NY 14070; and

JAMES E. WILD, M.D.
1 School Street, Suite 107
Gowanda, NY 14070,
   Defendants.

**COMPLAINT**

Docket No.:

---

PLEASE TAKE NOTICE, that the Plaintiff, Sharon L. Klein, Individually and as Executrix of the Estate of Daniel O. Klein, Deceased, by and through her attorneys, Burgett & Robbins, LLP, Lydia Allen Caylor, Esq., of counsel, complaining of the Defendants, respectfully alleges:

### THE PARTIES

1. At all times herein mentioned, the Plaintiff, Sharon L. Klein, resided at and continues to reside at 655 Route 83, South Dayton, New York 14138.

2. At all times herein mentioned, the decedent, Daniel O. Klein, resided with the Plaintiff at 655 Route 83, South Dayton, New York 14138.

3. At all times pertinent to this action, the Plaintiff, Sharon L. Klein, and the Plaintiff's decedent, Daniel O. Klein, were lawfully married, living together and holding themselves out to the community as husband and wife.

4. Daniel O. Klein died on May 29, 2017, in Olean, New York.

5. The distributees for the Estate of Daniel O. Klein are the Plaintiff, Sharon L. Klein, and the Plaintiff's and decedent's children, Tara M. Jones, Benjamin E. Klein, and Daniel P. Klein.

6. On July 18, 2017, the Plaintiff, Sharon L. Klein, was duly appointed by the Chautauqua County Surrogate's Court as Executrix of the Estate of Daniel O. Klein, and continues in such capacity, and as such is authorized to maintain this action.

7. At all times pertinent to this action, Defendant Department of Veterans Affairs (hereinafter "Defendant VA") was and is a federal agency duly organized and existing under and by virtue of the laws of the United States of America, and maintains its Office of Regional Counsel at 120 LeBrun Road, Buffalo, New York 14215.

8. At all times pertinent to this action, and continuing until the present time, the Defendant Department of Veterans Affairs maintained a hospital for the care and treatment of veterans at 3495 Bailey Avenue, Buffalo, New York 14215 (hereinafter "VA Hospital"), as well as numerous community based outpatient clinics throughout Western New York, specifically including the clinic located at 166 East Fourth Street, Dunkirk, New York 14048 (hereinafter "Dunkirk Clinic").

9. Upon information and belief, at all times pertinent to this action, Defendant Christine Chang Lim (hereinafter "Defendant Lim"), was a duly licensed medical doctor engaged in the practice of medicine in the State of New York, and maintained her practice at the VA Hospital located at 3495 Bailey Avenue, Buffalo, New York 14215.

10. Upon information and belief, Defendant Lim is now a resident of the State of California, and is duly licensed to practice medicine in that state and maintains her practice at 3454 Hillcrest Avenue, Antioch, California 94531.

11. Upon information and belief, at all times pertinent to this action, and at all times pertinent to the care and treatment of Plaintiff's decedent, Defendant Lim was an employee, agent and/or servant of Defendant VA, and was acting within the scope of such employment.

12. At all times pertinent to this action, Defendant VA held its employee, agent or servant, Defendant Lim, out to the public as being a competent medical doctor authorized and capable of diagnosing and treating clinic patients in general and the Plaintiff's decedent, Daniel O. Klein, in particular.

13. Upon information and belief, Defendant Valor Healthcare, Inc. (hereinafter "Defendant Valor") was and is a foreign corporation duly organized and existing under and by virtue of the laws of the State of Delaware, and maintains its principal place of business at 4714

Gettysburg Road, Mechanicsburg, Pennsylvania 17055, and/or at 500 West Main Street, 19th Floor, Louisville, Kentucky 40202.

14. Upon information and belief, and at all times pertinent to this action, Defendant Valor regularly engaged in business in the State of New York.

15. Upon information and belief, Defendant VA did, at all times pertinent to this action, retain and/or contract with Defendant Valor to provide community-based outpatient clinic personnel, physicians, and physicians' assistants, at the Dunkirk Clinic.

16. Upon information and belief, at all times pertinent to this action, the agents, officers, employees and/or servants of Defendant VA and Defendant Valor undertook to render medical care and treatment to the Plaintiff's decedent, Daniel O. Klein.

17. Upon information and belief, at all times pertinent to this action, Defendant Nabil M. Jamal, M.D. (hereinafter "Defendant Jamal"), was a duly licensed medical doctor engaged in the practice of medicine in the State of New York, and maintained his practice at the Dunkirk Clinic located at 166 East Fourth Street, Dunkirk, New York 14048.

18. Upon information and belief, at all times pertinent to this action, and at all times pertinent to the care and treatment of Plaintiff's decedent, Defendant Jamal was an employee, agent and/or servant of Defendant VA and/or Defendant Valor, and was acting within the scope of such employment.

19. At all times pertinent to this action, Defendant VA and/or Defendant Valor held its employee, agent or servant, Defendant Jamal, out to the public as being a competent medical doctor authorized and capable of diagnosing and treating clinic patients in general and the Plaintiff's decedent, Daniel O. Klein, in particular.

20. Upon information and belief, at all times pertinent to this action, Defendant Stephen E. Snyder, P.A. (hereinafter "Defendant Snyder"), was a duly licensed physician's assistant engaged in such practice in the State of New York, and maintained his practice at the Dunkirk Clinic located at 166 East Fourth Street, Dunkirk, New York 14048.

21. Upon information and belief, at all times pertinent to this action, and at all times pertinent to the care and treatment of Plaintiff's decedent, Defendant Snyder was an employee, agent and/or servant of Defendant VA and/or Defendant Valor, and was acting within the scope of such employment.

22. At all times pertinent to this action, Defendant VA and/or Defendant Valor held its employee, agent or servant, Defendant Snyder, out to the public as being a competent medical doctor authorized and capable of diagnosing and treating clinic patients in general and the Plaintiff's decedent, Daniel O. Klein, in particular.

23. At all times pertinent to this action, Defendant Valor had been selected and retained by Defendant VA to perform community-based outpatient clinic services on its premises and on its behalf, and as such, was and is a duly authorized employee, agent or servant of Defendant VA.

24. Upon information and belief, Defendant Tri-County Family Medicine Associates, P.C. (hereinafter "Defendant Tri-County") was and is a domestic professional corporation duly organized and existing under and by virtue of the laws of the State of New York, and maintains its principal place of business at 1 School Street, Suite 107, Gowanda, New York 14070, where it operates a family medicine practice for the care and treatment of persons with illnesses, injuries, and other health problems.

25. Upon information and belief, at all times pertinent to this action, the agents, officers, employees and/or servants of Defendant Tri-County undertook to render medical care and treatment to the Plaintiff's decedent, Daniel O. Klein.

26. Upon information and belief, at all times pertinent to this action, Defendant James E. Wild, M.D. (hereinafter "Defendant Wild"), was a duly licensed medical doctor engaged in the practice of medicine in the State of New York, and maintained his practice at 1 School Street, Suite 107, Gowanda, New York 14070.

27. Upon information and belief, at all times pertinent to this action, and at all times pertinent to the care and treatment of Plaintiff's decedent, Defendant Wild was an employee, agent and/or servant of Defendant Tri-County, and was acting within the scope of such employment.

28. At all times pertinent to this action, Defendant Tri-County held its employee, agent or servant, Defendant Wild, out to the public as being a competent medical doctor authorized and capable of diagnosing and treating clinic patients in general and the Plaintiff's decedent, Daniel O. Klein, in particular.

29. A duly executed Standard Form 95 (Claim for Damage, Injury, or Death) was served upon Defendant VA, via certified mail directed to the Office of Chief Counsel (02), Department of Veterans Affairs, within two (2) years of the date of the claim pursuant to the Federal Tort Claims Act.

30. More than six (6) months have elapsed since the service of the Plaintiff's claim upon Defendant VA.

## FACTUAL BACKGROUND

31. The Plaintiff's decedent, Daniel O. Klein, was a veteran of the Vietnam War and, prior to September 22, 2015, received primary care and/or psychological care at the Buffalo VA hospital operated by Defendant VA, where he was treated by Defendant Lim; at the Dunkirk Clinic operated by Defendants VA and Valor, where he was treated by Defendants Jamal and Snyder; and at the Gowanda practice operated by Defendant Tri-County, where he was treated by Defendant Wild.

32. Plaintiff's decedent treated with Defendants for, among other things, chronic obstructive pulmonary disease (COPD), diabetes mellitus, hypertension, high cholesterol, post-traumatic stress disorder (PTSD), and depression.

33. On or about November 14, 2006, Defendant Wild, acting as an agent, servant, and/or employee of Defendant Tri-County, prescribed the medication Cymbalta to the Plaintiff's decedent for treatment of his diabetic neuropathy and PTSD/depression.

34. At some point between May 19, 2010, and October 9, 2010, Defendant Lim, Defendant Jamal, and/or another physician acting as an agent, servant, and/or employee of Defendant VA and/or Defendant Valor, prescribed the medication Abilify to the Plaintiff's decedent to potentiate the effects of Cymbalta in treating the decedent's PTSD/depression.

35. The Plaintiff's decedent took both Cymbalta and Abilify, as prescribed by Defendants, for approximately five (5) years prior to September 22, 2015. During that time he had regular medical appointments with Defendants VA, Lim, Valor, Jamal, Snyder, Tri-County, and Wild, at which he and the Plaintiff repeatedly advised that he had developed tremors, changes in mental status, and other symptoms, including myoclonic jerking of his extremities.

36. Based upon these reported symptoms, the Plaintiff's decedent was evaluated for Parkinson's disease, which was ultimately ruled out as a potential diagnosis.

37. After the negative Parkinson's evaluation, no other diagnosis was rendered, and there was no diagnostic explanation for the decedent's symptoms. Defendants either failed to review the decedent's medication list to consider whether the decedent's symptoms were caused by side effects of the medication(s), or, upon review of the list, failed to diagnose the decedent's symptoms as being caused by the medication(s).

38. On or about September 22, 2015, the Plaintiff's decedent's mental state deteriorated significantly. He was initially taken to Brooks Memorial Hospital in Dunkirk, New York, and was thereafter transferred to Buffalo General Hospital on September 24, 2015.

39. Shortly after the decedent's admission to the Buffalo General emergency room, the consulting neurologist, upon reviewing his examination, history, and medication list, identified his symptoms as potentially resulting from extrapyramidal side effects from Abilify, and ordered that the medication be immediately discontinued.

40. The Plaintiff's decedent was admitted to Buffalo General Hospital from September 24 through November 3, 2015, during which time he developed numerous complications that his physicians linked to his altered mental state and increasing lethargy. His mental status slowly improved and his tremors resolved after the Abilify was discontinued. It was concluded by the medical team at Buffalo General that his symptoms were related to his medications especially Abilify.

41. The Plaintiff's decedent never fully recovered from the deterioration in his health precipitated by the extrapyramidal symptoms related to his Abilify use, and was re-hospitalized multiple times before eventually passing away on May 29, 2017.

42. The Plaintiff's decedent, Daniel O. Klein, was in no manner comparatively and/or contributorily negligent.

43. This action falls within one or more of the exceptions of limited liability for non-economic loss set forth in CPLR 1602.

### AS AND FOR A FIRST CAUSE OF ACTION ASSERTED ON BEHALF OF THE PLAINTIFF AGAINST ALL DEFENDANTS FOR MEDICAL NEGLIGENCE AND MALPRACTICE

44. The Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "43" above as though the same were more fully set forth herein.

45. At all times pertinent to this action, and particularly during the period of time beginning on or about May 19, 2010, through September 22, 2015, the Defendants, Department of Veterans Affairs, Christine Chang Lim, M.D., Valor Healthcare, Inc., Nabil M. Jamal, M.D., Stephen E. Snyder, M.D., Tri-County Family Medicine Associates, P.C., and James E. Wild, M.D., engaged in a physician-patient relationship with Daniel O. Klein.

46. During the aforesaid period of time, Defendants VA, Lim, Valor, Jamal, Snyder, Tri-County, and Wild undertook to examine, treat, care for, diagnose and prescribe medication to the Plaintiff's decedent, Daniel O. Klein.

47. During the aforesaid period of time, Defendants VA, Lim, Valor, Jamal, Snyder, Tri-County, and Wild owed a duty to the Plaintiff's decedent, Daniel O. Klein, to examine, treat, care for, diagnose and prescribe medication to him in accordance with the accepted standards of medical care.

48. During the period of time beginning on or about May 19, 2010, through September 22, 2015, the Defendants VA, Lim, Valor, Jamal, Snyder, Tri-County, and Wild, were careless, reckless, and negligent; rendered care and treatment to the Plaintiff's decedent

that deviated from the accepted standards of medical care; and committed medical malpractice by virtue of the following acts and omissions which are listed herein as illustration and not limitation:

   a. Failure to advise the Plaintiff's decedent and/or the Plaintiff of the side effects, including extrapyramidal symptoms, potentially caused by Abilify and other antipsychotic medications;

   b. Failure to adequately and properly determine whether a medical basis existed for the patient's symptoms, including tremors, changes in mental status, and myoclonic jerking of his extremities;

   c. Failure to explore other causes for the decedent's tremors, changes in mental status, and jerking episodes after Parkinson's disease was ruled out;

   d. Failure to review the decedent's medication list to determine a potential pharmaceutical cause for his symptoms;

   e. Failure to consider the possibility that the decedent's extrapyramidal symptoms were caused by one or more of his medications, including Abilify, as an initial diagnostic consideration;

   f. Failure to discontinue the decedent's Abilify;

   g. Failure to timely diagnose the cause of the decedent's extrapyramidal symptoms, allowing the side effects to continue and progress for an extended duration; and

   h. Defendants were otherwise careless, reckless and negligent.

49.   As a direct and proximate result of the Defendants' careless, reckless and negligent acts and/or omissions, all of which constituted a deviation from the accepted standards of medical care and medical malpractice, the Plaintiff's decedent, Daniel O. Klein, was caused to suffer the following damages, in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00), the lower jurisdictional limits of this court and/or any other court that may have jurisdiction, to-wit:

   a. Past, present and future conscious pain and suffering;

   b. Past, present and future loss of enjoyment of life;

    c. Past, present and future medical, hospital, surgical, rehabilitative, pharmaceutical, economic and other out-of-pocket expenses.

## AS AND FOR A SECOND CAUSE OF ACTION ASSERTED ON BEHALF OF THE PLAINTIFF AGAINST ALL DEFENDANTS FOR WRONGFUL DEATH

50. The Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "49" above as though the same were more fully set forth herein.

51. As a direct and proximate result of the Defendants' careless, reckless and negligent acts and/or omissions, all of which constituted a deviation from the accepted standards of medical care and medical malpractice, the Plaintiff's decedent, Daniel O. Klein, passed away on May 29, 2017.

52. At the time of his death, Daniel O. Klein was survived by his wife, Plaintiff Sharon L. Klein, and adult distributees Tara M. Jones, Benjamin E. Klein, and Daniel P. Klein.

53. At the time of his wrongful death, the Plaintiff, Sharon L. Klein, had the right to expect continuing financial support, emotional support, companionship, love and comfort, from her husband, the decedent, Daniel O. Klein.

54. As a direct and proximate result of the death of Daniel O. Klein, his distributees have suffered the following damages, in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00), the lower jurisdictional limits of this court and/or any other court that may have jurisdiction, to-wit:

    a. Past, present and future loss of care, comfort, affection, society, companionship, consortium and support;

    b. Past, present and future loss of income, financial support, fringe benefits and retirement benefits;

    c. Past, present and future loss of household services; and

    d. Funeral and burial expenses.

55. The Plaintiffs demand a jury trial of all causes of action asserted herein.

WHEREFORE, the Plaintiff, Sharon L. Klein, Individually and as Executrix of the Estate of Daniel O. Klein, Deceased, herein and hereby demands judgment against the Defendants above named in an amount exceeding the lower jurisdictional limits of this court and any other court which might otherwise have jurisdiction; together with the costs associated with this action.

Dated: March 20, 2018.

BURGETT & ROBBINS, LLP

By: _____
Lydia Allen Caylor, Esq.
*Attorneys for the Plaintiff*
15 East Fifth Street
Jamestown, NY 14701
Telephone: (716) 488-3090

## **VERIFICATION**

STATE OF NEW YORK            }
                             }SS:
COUNTY OF CATTARAUGUS        }

SHARON L. KLEIN, being duly sworn, deposes and states that deponent is the Plaintiff in the within action; that deponent has read the foregoing Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to those matters therein stated to be alleged on information and belief; and that as to those matters, deponent believes them to be true.

_____
Sharon L. Klein

Subscribed and sworn to before me
this 20th day of March, 2018.

_____
Notary Public

LYDIA A. CAYLOR, #02CA6224900
Notary Public, State of New York
Qualified in Chautauqua County
My Commission Expires July 19, 20 18

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHARON L. KLEIN, Individually and as
Executrix of the Estate of
DANIEL O. KLEIN, Deceased
655 Route 83
South Dayton, New York 14183,
        Plaintiff,

vs.

DEPARTMENT OF VETERANS AFFAIRS
120 Le Brun Road
Buffalo, New York 14215;

CHRISTINE CHANG LIM, M.D.
3454 Hillcrest Avenue
Antioch, California 94531;

VALOR HEALTHCARE, INC.
4714 Gettysburg Road
Mechanicsburg, Pennsylvania 17055;

VALOR HEALTHCARE, INC.
500 West Main Street, 19th Floor
Louisville, Kentucky 40202;

NABIL M. JAMAL, M.D.
166 East Fourth Street
Dunkirk, New York 14048; and

STEPHEN E. SNYDER, P.A.
166 East Fourth Street
Dunkirk, New York 14048;

TRI-COUNTY FAMILY MEDICINE ASSOCIATES, INC.
1 School Street, Suite 107
Gowanda, NY 14070; and

JAMES E. WILD, M.D.
1 School Street, Suite 107
Gowanda, NY 14070,
        Defendants.

**CERTIFICATE OF MERIT – MEDICAL MALPRACTICE ACTION**

Docket No.:

STATE OF NEW YORK     }
                      }SS:
COUNTY OF CHAUTAUQUA  }

LYDIA ALLEN CAYLOR, ESQ., being duly sworn, deposes and states that:

1. I am the attorney for the Plaintiff, Sharon L. Klein, Individually and as Executrix of the Estate of Daniel O. Klein, Deceased, in the above-captioned matter.

2. I have reviewed the facts of the case and have consulted with at least one physician who is licensed to practice in this state or any other state, and I reasonably believe that said physician is knowledgeable in the relevant issues involved in this particular action.

3. As the attorney for the Plaintiff, I have concluded, on the basis of such review and consultation, that there is a reasonable basis for the commencement of this action.

_____
Lydia Allen Caylor, Esq.

Subscribed and sworn to before me
this 20th day of March, 2018.

_____
Notary Public

WENDY L. BELL, #01BE4808275
Notary Public, State of New York
Qualified in Chautauqua County
My Commission Expires 9/30/18